■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR GUZMAN, Appellant. [618 NYS2d 338] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.) rendered July 21, 1992, convicting the defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of 4½ to 9 years imprisonment, unanimously reversed, on the law, and the matter is remanded for a new trial.

The defendant was convicted of a single sale of four glassine envelopes of heroin on December 2, 1990. No money directly tied to the alleged sale, and no other drugs, were found in the defendant's possession. The undercover detective's observation of the alleged sale was made under circumstances which in our view render the case an extremely close one.

The People were permitted to elicit testimony from Detective Vega that he approached the defendant and asked him "are you working?" and that defendant responded "no, I don't know you," whereupon Detective Vega left the area. The People were also permitted to elicit from Detective Diaz, the arresting officer, that he heard the defendant's response to Detective Vega (but not Detective Vega's question) and concluded "that the individual would not sell [drugs to] the undercover because he didn't know him. They get kind of jumpy". The aforesaid testimony by Detective Diaz was admitted, over defense counsel's vigorous objection, on the ground that Detective Diaz's interpretation of what he heard "governs his behavior," and the jury was entitled to a "more complete picture" of the events surrounding the alleged sale.

This testimony, which allowed Detective Diaz's interpretation of what he heard the defendant state, i.e., that he believed defendant would have sold drugs to Detective Vega if the detective hadn't been unknown to the defendant, was improperly admitted. Such evidence, even if it had some slight probative value to show the basis for Detective Diaz's actions, should not have been admitted, even with limiting instructions as were here given, because under the particular circumstances of this case the prejudice to the defendant outweighed any legitimate value the evidence might have had (see, People v Till, 201 AD2d 43, 47; People v Alfonso, 194 AD2d 358, 360). Concur—Murphy, P. J., Carro, Ellerin, Wallach and Kupferman, JJ.